Jason R. Naess, ISB No. 8407
PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP
137 West 13th Street
P. O. Box 910
Burley, ID  83318
jason@pmt.org
Telephone: (208) 878-8382
Facsimile:  (208) 878-0146
*Attorneys for Gary L. Rainsdon*
*Chapter 7 Trustee in Bankr. No. 15-40878*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br>STEPHEN J. ANDERSON and MELANIE ANDERSON,<br><br>　　　　　　Debtor. | Case No. 18-40974-JMM<br><br>Chapter 11 |

## OBJECTION TO DISCLOSURE STATEMENT

COMES NOW creditor Gary L. Rainsdon ("Trustee Rainsdon"), acting in his capacity as the chapter 7 trustee of the bankruptcy estate of Stephen J. Anderson and Melanie Anderson in a prior chapter 7 case, Bankr. No. 15-40878, and as a creditor in this case, by and through counsel, and, pursuant to § 1125, hereby objects to the Disclosure Statement filed by Debtor, Dkt. No. 83. Trustee Rainsdon objects to approval of the Disclosure Statement because it does not include adequate information.

Once a bankruptcy case is commenced, acceptance or rejection of a bankruptcy plan may only be solicited once a written disclosure statement, approved by the court as containing adequate information, has been transmitted to holders of claims or interests.  § 1125(b).  For the purposes of the information included in a disclosure statement, "adequate information" is defined as:

> Information of the kind, and in sufficient detail, as far as is
> reasonably practicable in light of the nature and history of the

OBJECTION TO DISCLOSURE STATEMENT                                                                                      - 1

> debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interest in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan .
> . . .

§ 1125(a). When determining whether a disclosure statement includes adequate information, the Court is to consider "the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information." *Id.*

Trustee Rainsdon believes the current Disclosure Statement is deficient in several regards, including:

1.  In the Disclosure Statement, the Debtors state the reason for the filing of the chapter 11 bankruptcy case is to "save their home and associated property from foreclosure." Debtors have not identified any pending foreclosure actions, and, more importantly, have not disclosed that the home they live in is owned by Connie Morris, Debtor Melanie Anderson's mother, not them, and that the debt against the home is in Connie Morris' name. In other words, even if there is some sort of pending foreclosure action against the home Debtors are living in, this bankruptcy case would do nothing to protect the home from foreclosure other than to artificially create an automatic stay by listing property not owned by them in their bankruptcy schedules. There is no obligation owed by Debtors in relation to the home and the home is not in their name. It is unclear how Debtors intend to use their chapter 11 bankruptcy case to protect an asset they do not own. That must be explained in the Disclosure Statement.

2.  Debtors omit substantial relevant information from the "General History of the Debtor" portion of the Disclosure Statement. Debtors do not mention Mr. Anderson's ongoing domestic relations litigation with his ex-wife other than to identify the suit by name. Depending

on the outcome of that litigation, including in regards to child support and/or spousal maintenance, the results of the litigation could impact Debtors' ability to fund their Plan. The Disclosure Statement needs additional information regarding the litigation and its likely impact on the plan if creditors are to make an informed decision on any plan.

3. The Debtors' General History makes no mention of Debtors' previous chapter 7 bankruptcy. While there is a handwritten note on the filed Disclosure Statement that states "[t]here is also 18,000 in the custody of Gary Rainsdon, Trustee, which will be used for payments to creditors," there is no other mention of the chapter 7 case in the Disclosure Statement. The circumstances of that case will have a significant impact on the chapter 11 plan and on creditors' decision of whether to vote for the plan.

For example, Debtors do not identify that, in the 2015 chapter 7 case, the Court entered a Judgment and Order Revoking Discharge pursuant to 11 U.S.C. § 727(a)(6)(A), or that Trustee Rainsdon was provided a $52,485.92 Judgment against Debtors. Bankr. No. 15-50878-JDP, Dkt. No. 143. That information is significant because a large number of the creditors of the chapter 11 case were or could have been listed or scheduled by Debtors in the prior case. As such, the claims of all of those creditors are exempt from discharge in the chapter 11 case pursuant to § 523(a)(10). Yet, Debtors present their Disclosure Statement and Plan as though it will discharge the claims identified in the chapter 11 case, without informing creditors of the impact of the previous case. Debtors should make clear that the claims that were included in the previous bankruptcy case will not be discharged as a result of the current chapter 11 case. Trustee believes his claim for $52,485.92 is included among those that are exempted from discharge.

4. Debtors' Liquidation Analysis identifies real property assets, including "Debtor's Residence" with a Fair Market Value of $400,000.00 and encumbrances of $334,783.74. In their Amended Schedules, however, Debtors identified the value of the residence at $425,000.00. Dkt. No. 26. The Disclosure Statement does not explain why the residence is now $25,000.00 less than it was seven months before the Disclosure Statement was filed. Also, while Debtors' schedules indicate they "own" the entire $425,000.00 value in the home, the home was purchased by Debtor Melanie Anderson's mother, Connie Morris, not Debtors.

And, there is no encumbrance against the residence owed by Debtors. Notably, Franklin America, the company Debtors state under penalty of perjury in their schedules is their secured creditor as to the home, have not filed a proof of claim in their chapter 11 bankruptcy. The Liquidation Analysis, then, is not based in reality, and does not provide creditors sufficient information to make an informed decision regarding the plan.

5. Debtors have supported their Disclosure Statement with year 2017 income tax returns, but have not alerted creditors to the fact that the income tax returns are potentially fraudulent in that they identify Sales and Other Dispositions of Capital Assets of real property that was never owned by them, but was owned by Connie Morris. The tax returns reference a Castlerock Lane Property and a property at 11255 Bellerive Drive, and include amounts and adjustments in their tax returns based on supposed purchases and/or sales of those properties in 2017. 11255 Bellerive Drive was sold by Connie Morris to a Thomas Baxter on August 10, 2017. The Castlerock Property was purchased by Connie Morris from Cach Real Estate Limited Partnership on May 1, 2017, and was sold by Connie Morris to Crystal Builders LLC on July 18, 2017. Debtors, in spite of claiming they owned, purchased, and sold those properties in their income tax returns, never owned the properties. The properties were bought and sold by Connie

Morris. Creditors should be informed that the financial information submitted in support of the Disclosure Statement in the form of income tax returns is not accurate and contains potentially fraudulent information.

6.  The Plan attached to Debtors' Disclosure Statement indicates it will be funded by "Owners' draws and wages. The Debtors shall commit sufficient resources from their projected disposable income derived from their owners' draws and wages from the operation of their business interests and working in an amount sufficient to fund the Plan." Dkt. No. 83, Appendix B at 7. The Disclosure Statement, however, does not indicate that, over the course of the approximately ten (10) months that Debtors have been in a chapter 11 case, they have lost money. Per the Debtors' July 2019 Monthly Operating Report, since the commencement of the bankruptcy case, Debtors have total Post-Petition Cash Income of $104,963.09 and total Post-Petition Cash Expenses of $118,611.01, which would be "Net Cash Income" loss of $13,647.92[1] over the court of the case. *See* Dkt. No. 94. The Disclosure Statement must better identify how Debtors plan to pay creditors under the Plan.

Approval of the Disclosure Statement should be denied due to inadequate information.

DATED this 9th day of September, 2019.

PARSONS, SMITH, STONE, LOVELAND & SHIRLEY, LLP

_____
Jason R. Naess
Counsel for Gary L. Rainsdon
Chapter 7 Trustee in Bankr. No. 15-40878

---

[1] Inexplicably, Debtors' July 2019 Monthly Operating Report, while reporting the Cash Income and Cash Expenses, identifies a Net Cash Income of $271.61. There is no explanation for how Debtors arrived at that figure, though it is not much more encouraging to creditors expecting to get paid from Debtors' draws and wages than the loss of $13,647.92.

OBJECTION TO DISCLOSURE STATEMENT - 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2019, a copy of the foregoing was filed with the Court via CM/ECF, and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

Brett R Cahoon on behalf of U.S. Trustee US Trustee
ustp.region18.bs.ecf@usdoj.gov

Amber K. Kauffman on behalf of Creditor Idaho State Tax Commission
amber.kauffman@tax.idaho.gov, Becky.Ihli@tax.idaho.gov

Jay A Kohler on behalf of Creditor Tanice Jo Anderson
cindy@kohlerlawif.com

Jay A Kohler on behalf of Plaintiff Tanice Jo Anderson
cindy@kohlerlawif.com

Peter J Kuhn on behalf of U.S. Trustee US Trustee
peter.j.kuhn@usdoj.gov

Jason Ronald Naess on behalf of Interested Party Gary Rainsdon
jason@pmt.org

David Wayne Newman on behalf of U.S. Trustee US Trustee
ustp.region18.bs.ecf@usdoj.gov

Aaron J Tolson on behalf of Debtor Stephen J Anderson
ajt@aaronjtolsonlaw.com

Aaron J Tolson on behalf of Defendant Stephen J Anderson
ajt@aaronjtolsonlaw.com

Aaron J Tolson on behalf of Joint Debtor Melanie Anderson
ajt@aaronjtolsonlaw.com

Aaron J Tolson on behalf of Plaintiff Stephen J Anderson
ajt@aaronjtolsonlaw.com

US Trustee
ustp.region18.bs.ecf@usdoj.gov

Any other CM/ECF Registered Participants not specifically identified herein.

**PARSONS, SMITH, STONE, LOVELAND & SHIRLEY, LLP**

_____
Jason R. Naess
Counsel for Gary L. Rainsdon
Chapter 7 Trustee in Bankr. No. 15-40878