Aaron J. Tolson, Esq.
TOLSON & WAYMENT, PLLC
2677 E. 17th Street, Suite 300
Ammon, Idaho, 83406
Email: ajt@aaronjtolsonlaw.com
Telephone: 208-228-5221
Fax: 208-228-5200
I.S.B. #6558

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 18-40974 |
| STEPHEN J. ANDERSON AND ) | |
| MELANIE ANDERSON, ) | Chapter 11 |
| ) | |
| Debtors in Possession. ) | |
| ) | |

## PLAN OF REORGANIZATION

Stephen J. Anderson & Melanie Anderson, hereafter referred to as "Debtors", propose the following Plan of Reorganization ("Plan"). It is important that you read this plan carefully and in conjunction with the Debtors' Disclosure Statement to evaluate the impact such Plan will have upon your claim or equity security interest.

### EXECUTIVE SUMMARY

The payments contemplated under this Plan consist of payments derived from Debtors' wages. Payments will be via monthly disbursements over the next five years, as explained in greater detail elsewhere herein.

### DEFINITIONS

Unless the context otherwise requires, the following terms, when used in this Plan of Reorganization and the Disclosure Statement shall have the following meanings:

1. ADMINISTRATIVE CLAIM: A cost or expense of administration of this Chapter

1 -   PLAN OF REORGANIZATION
      Oct 11, 2019

**EXHIBIT B**

II case, including any actual, necessary expense of preserving or liquidating the estate, any actual and necessary expense of operating the business of the Debtors, and all allowances approved by the Court in accordance with the Bankruptcy Code. This includes any amounts due to the United States Trustee.

2. ALLOWED CLAIM: "Allowed Claim" shall mean a Claim:

(i) in respect of which a proof of Claim has been filed with the Court on or prior to the Bar Date: or

(ii) which is scheduled in the Debtors' schedules of assets and liabilities and statement of financial affairs filed with the Court pursuant to §521 of the Bankruptcy Code and which has not been listed (or is no longer listed on the Confirmation Date, if previously so listed) as disputed, contingent or unliquidated; or

(iii) in respect of which a proof of Claim has been filed with the Court pursuant to §502(h) or §502(i) of the Bankruptcy Code; and in any case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Bankruptcy Rule or an order of the Court, or as to which, if objections have been interposed, the Claim has been allowed by order of the Court.

3. BANKRUPTCY CODE: "Bankruptcy Code" or "Code" shall mean the United States Bankruptcy Code, 11 U. S. C. §101 et seq., and any amendments thereof.

4. CLAIM: "Claim" shall mean any right to payment or right to an equitable remedy against Debtors for breach of performance if such breach gives rise to a right to payment, whether or not such right to payment or right to an equitable remedy is reduced to judgment, or whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured.

5. CLASS: "Class" shall mean any class into which Claims or Interests are classified pursuant to Article II of the Plan.

6. CONFIRMATION DATE: The first business day occurring on or after the (14th) day after the Order of Confirmation is entered by the Court provided, however, that if a stay of the order confining the Plan is in effect on such first business day, then the Confirmation Date shall be the first business day thereafter on which (i) no stay of the order confirming the Plan is in effect and (ii) the order confirming the Plan has not been vacated.

7. CONTESTED CLAIM: "Contested Claim" shall mean any Claim which is listed on the schedules, filed by the Debtors as contingent, unliquidated or disputed or is, or becomes, the subject of an objection filed with the Court in accordance with the provisions of the Bankruptcy Code and which remains unresolved.

)

8.  COURT: "Court" shall mean the United States Bankruptcy Court for the District of Idaho, presiding over the cases or, if necessary the United States District Court for said district having original jurisdiction over bankruptcy cases and the judges thereof.

9.  DISPOSABLE INCOME: "Disposable Income" shall mean the current income Debtors receive, less amounts reasonably necessary to be excluded for Debtors' maintenance and less the payment for expenditures necessary for the continuation, presentation and operation of Debtors' businesses. This is the same definition as found in 11 U.S.C. 1325.

10. DISPUTED CLAIM: The term "Disputed Claim" shall mean a claim either scheduled or filed as a claim, which the Debtors allege that they are not obligated to pay. In this Plan all claims held against improper mortgage claims are "Disputed Claims".

11. EFFECTIVE DATE: The effective date of the Plan shall be the Confirmation Date as that term is defined above.

12. PLAN TERM: The Plan Term shall mean the time period defined in Article VI of the Plan.

13. PERSON: "Person" shall mean an individual, corporation, partnership, joint venture, trust, estate, unincorporated organizations, or a government or any agency or political subdivision thereof.

14. REVENUE CODE: "Revenue Code" shall mean the Internal Revenue Code of 1954, as amended, 26 U.S.C. 1 et seq.

ARTICLE II
CLASSIFICATION OF CLANS AND INTERESTS

All allowed claims and allowed interests have been placed in the following classes. The Debtors have determined which claims fall into the classes described below. A Proof **of Claim or interest which asserts a claim or an interest which is properly** includable in more that one class is in a class to the extent it qualifies within the description of such class and is in a different class to the extent it qualifies within the description of such different class.

1.  PRIORITY CLAIMS

    (A) Class PCI: Class PCI consists of all allowed claims against the Debtors entitled to priority pursuant to 11 USC Section 507(a)(2) or Section 507(a)(3) of the Bankruptcy Code, with the exception of those allowed Claims included in Classes PC2 and PC3. This classification also includes those claims premised on Section 503(b)(1) of the Bankruptcy Code, which arose from transactions pursuant to Section 364(a) of the Bankruptcy Code. Debtors are current on their post petition US Trustee's fees as established under 28 USC Section 1930(a)(6)

3 - PLAN OF REORGANIZATION
Oct 11, 2019

during the term of the Plan, Debtors shall continue to pay post petition taxes and US Trustee's fees as they accrue and are due. The members of this Class include the following:

    1. The State Tax Commission, the State of Idaho, pursuant to 11 USC Section 507 (a) (2) filed as claim #19 in the amount of $7,789.76.

    2. The United States Trustee's office.

(B) <u>Class PC2</u>: Class PC2 consists of all allowed claims having priority by reason of provision of 11 USC Section 507(a)(2) and Section 330(a). The members of this Class include the following:

    1. Aaron J. Tolson: the attorney representing the Debtors-in-possession.

(C) <u>Class PC3</u>: Class PC3 consists of all allowed claims having priority by reason of the provisions of Il USC Section 507(a)(4). There appear to be no members of this Class.

(D) <u>Class PC4</u>: Class PC4 consists of all allowed claims against the Debtors entitled to priority pursuant to 11 USC Section 507(a)(8), consisting of Claims of governmental units for taxes or duties in such amounts as may be allowed by the Bankruptcy Court. This Class shall be paid in full no later than 120 days from the Effective Date. Claims held by members of this Class shall accrue interest on the unpaid balance from the Confirmation Date as allowed and provided pursuant to Il U.S.C. §511. The following are members of this class:

(A) The Internal Revenue Service pursuant to 11 USC Section 507 (a) and 11 USC Section 503 b (1) (B), filed as claim #4.

(B) The State Tax Commission, the State of Idaho, pursuant to 11 USC Section 507 (a) (2) and 11 USC Section 503 b (1) (B) filed as claim #10 in the amount of $13,829.53.

(C) <u>Class PC5</u>: Class PC5 consists of all allowed claims against the Debtor pursuant to 11 USC (a)(1)(A). This consists of the claim of Tanice Jo Anderson (Claim No. 5).

    2.    <u>SECURED CLAIMS</u>

(A) <u>Class SCI</u>: Class SCI consists of the secured claim of Bonneville County Treasurer (Proof of Claim No. 1).

(B) <u>Class SC2</u>: Class SC2 consists of the secured claim of Americredit Financial Services, Inc. (Proof of Claim No. 2).

(C) <u>Class SC3:</u> Class SC3 consists of the secure claims of Mountain America Credit Union (Proof of Claim No. 8&9.

4 -   PLAN OF REORGANIZATION
      Oct 11, 2019

3. UNSECURED CLAIMS

(A) Class UCI: Class UCI consists of classified unsecured claims. There are no classified Claims.

(B) Class UC2: Class UC2 consists of all other allowed unsecured claims against the Debtors. The unsecured claims are described in the Disclosure Statement in Appendix "D" to the Disclosure Statement. Also, to the extent secured claimants have previously filed proofs of claim prior to the claims bar date and are entitled to an unsecured deficiency under 506 of the Bankruptcy Code, the same claimants with timely proofs of claim shall have thirty (30) days from the Confirmation Date in which to file an amended proof of claim asserting such deficiency. Failure to timely file an amended proof of claim asserting such deficiency will be an absolute bar to any claim for a deficiency. The Debtors shall have the right to object to any asserted deficiency claim, as the Debtors deems advisable.

## ARTICLE III
## DESIGNATION AND TREATMENT OF UNIMPAIRED CLASSES

No classes are unimpaired by the Debtors' Plan. All impaired classes shall be treated as set forth in Article IV in their respective classes on account and in complete satisfaction of all such allowed claims.

## ARTICLE IV
## DISTRIBUTIONS—TREATMENT OF CLAIMS AND INTERESTS

1. PRIORITY CLAIMS:

(A) Class PCI: Class PCI consists of all allowed claims against the Debtors entitled to priority pursuant to 11 USC Section 507(a)(2) or Section 507(a)(3) of the Bankruptcy Code, with the exception of those allowed Claims included in Classes PC2 and PC3. This classification also includes those claims premised on Section 503(b)(1) of the Bankruptcy Code, which arose from transactions pursuant to Section 364(a) of the Bankruptcy Code. Debtors are current on their post petition US Trustee's fees as established under 28 USC Section 1930(a)(6) during the term of the Plan, Debtors shall continue to pay post petition taxes and US Trustee's fees as they accrue and are due. The members of this Class include the United States Trustee's office. Members of this class have been paid during the course of the chapter 11 case. To the extent there is any unpaid balance due upon confirmation, members of this class shall be paid in full upon the Effective Date.

(B) Class PC2: Class PC2 consists of all allowed claims having priority by reason of provision of I l USC Section 507(a)(2) and Section 330(a). The members of this Class include Aaron J. Tolson, the attorney representing the Debtors-in-possession. Members of this class shall be paid, upon Court approval, first from the remaining balance of the pre-petition retainer held

in counsel's trust account in the amount of $0, and the remaining balance shall be paid in equal, monthly installments of $500.00 beginning on the Effective Date until paid in full.

(C) Class PC3: Class PC3 consists of all allowed claims having priority by reason of the provisions of Il USC Section 507(a)(4). There appear to be no members of this Class.

(D) Class PC4: Class PC4 consists of all allowed claims against the Debtors entitled to priority pursuant to Il USC Section 507(a)(8), consisting of Claims of governmental units for taxes or duties in such amounts as may be allowed by the Bankruptcy Court. This Class shall be paid in full no later than 120 days from the Effective Date. Claims held by members of this Class shall accrue interest on the unpaid balance from the Confirmation Date as allowed and provided pursuant to 11 U.S.C. 511.

(E) Class PC5: Class PC5 consists of all allowed claims against the Debtor pursuant to 11 USC (a)(1)(A). This consists of the claim of Tanice Jo Anderson (Claim No. 5). Members of this class will be paid over the course of the plan at the end of each plan year at 20% per year, unless the claim is modified by any state court action.

2. SECURED CLAIMS:

(A) Class SC1: Class SC1 consists of the allowed secured claim of Bonneville County Treasurer (Proof of Claim No. 1). Members of this Class shall be paid in four equal installments of $1627.94 with the first installment due December 20, 2019 or the Effective Date, whichever is later, the second installment due June 20, 2020, the third installment due December 20, 2020, and the final payment on June 20, 2021.

(B) Class SC2: Class SC2 consists of the allowed secured claim of Americredit Financial Services, Inc. on the 2017 Chevy Colorado. Debtor will pay this in monthly installments over the course of the plan in full (Proof of Claim No. 2).

(C) Class SC3: Class SC3 consists of the allowed secured claims of Mountain America Credit Union on the Ford Focus and Chevy Cobalt. Debtor will pay this in monthly installments over the course of the plan in full (Proof of Claim No. 8&9).

3. UNSECURED CLAIMS:

(A) Class UCl: Class UCl consists of classified unsecured claims. Gary Rainsdon has a classified claim (Proof of Claim 7). Class UC1 will be paid $10,000 a year in May of each plan year beginning in May 2020 for a total of $50,000.00. This is separate from other unsecured creditors in that this claim arose from litigation in the Chapter 7 case, and Mr. Rainsdon is a trustee creditor and exempt from discharge.

(B) Class UC2: Class UC2 consists of all allowed Unsecured Claims against the

Debtors. The Unsecured Claims are described in Appendix D to the Disclosure Statement, and also include partially Secured Claimants, if any, that amended their Secured Claims to include an unsecured, deficiency Claim prior to the Confirmation Date. At this time there are none.

The Debtors propose to pay the undisputed amount to the members of this Class and resolve the disputed amounts as described in this Plan. All Claims in this Class uncontested by the Debtors as well as contested Claims in this Class that may ultimately be approved by the court shall receive their pro rata share of additional monthly installments totaling $139,011.88 after all Priority Creditors have been paid in full.

Members of this Class UC2 may request, in writing, from Debtors and Debtors' counsel, a copy of the Debtors' annual tax returns. Debtors, upon receipt of such written request, shall provide a copy of their filed return for the given tax year within sixty (60) days of the date of the request or the date of filing of the return, whichever is later.

## ARTICLE V
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Unless specifically assumed herein or in previous orders of the Court the Debtors are rejecting in this Plan of Reorganization all executory contracts and unexpired leases. The Debtors have an unexpired lease with ACAR Leasing LTD (Proof of Claim #5) and executory contracts with Keller Williams which will be assumed. There are no other known executory contracts or unexpired leases but to the extent that they do the same are hereby rejected under this Plan.

## ARTICLE VI
## PROVISIONS FOR IMPLEMENTATION OF THE PLAN
## AND MEANS FOR EXECUTION OF THE PLAN

1. For a period of (5) years from the Effective Date of the Plan, (the "Plan Term") funds necessary for the satisfaction for creditors' Claims shall be generated from the following sources;

    A) Owners' draws and wages. The Debtors shall commit sufficient resources from their projected disposable income derived from their owners' draws and wages from the operation of their business interests and working in an amount sufficient to fund the Plan.

2. Debtors will pay all administrative expenses in full as approved by the Court, pursuant to the terms of this Plan.

3. The Debtors may elect to contest various Claims filed by Creditors as the Debtors in their business judgment deems advisable. Notwithstanding any other provision of this Plan of Reorganization, disputed Claims as set forth in the Debtors' bankruptcy schedules on file herein and Claims which may be contested shall be paid only upon their allowance by the Court in conformance with the classification of the allowed amount of such Claim as set forth herein.

    4.    All property of the Debtors shall be retained by the Debtors, except is specifically provided for otherwise herein before.

    5.    The Debtors shall retain and may enforce any civil action, Claim, or interest against any party whatsoever while the Plan is still in effect.

    6.    The Debtors may, at their sole and absolute discretion, defer two (2) months of payments during any calendar year for any unforeseen needs that may arise. In the event that there is a deferred payment, the deferred payment shall be moved to the end of the Plan Term and be an extension of the same.

    7.    As a matter of convenience, the Debtors may retain any payments under this Plan that is less than $100.00 until such time as the unpaid installments are more than $100.00, at which time such retained payments shall be paid as a part of the next regularly scheduled plan payment.

## ARTICLE VII
## MODIFICATION OF PLAN

    1.    Modifications of the Plan may be proposed in writing by the Debtors at any time before confirmation, provided that such Plan, as modified, meets the requirements of 11 USC 1122 and 1123, and the Debtors have complied with 1 1 USC 1125 of the Code.

    2.    In addition, the Plan may be modified at any time after confirmation and before its substantial consummation, provided that such Plan, as modified, meets the requirements of 11 USC 1122 and 1123 of the Code and the Court, after notice and a hearing, confirms such Plan as modified, under I 1 USC 1129 of the Code, and the circumstances then existing justify such modifications.

    3.    A holder of a claim or interest that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time fixed by the Court, such holder changes its previous acceptance or rejection.

    4.    Any modification of the Plan will supersede and render null and void the previous provision that was modified.

    5.    The Debtors may remedy any defects or omissions or reconcile any inconsistencies in this Plan or in the final Order of the Court confirming the Plan in such manner as may be necessary to carry out the purpose and intent of this Plan so long as the interests of claimants or interest holders are not materially or adversely affected.

## ARTICLE VIII
## RETENTION OF JURISDICTION

Until this Plan has been fully consummated through the entry of an order completely closing the case, the Bankruptcy Court shall retain jurisdiction over all matters necessary to ensure that the purposes and intent of this Plan are carried out, including but not limited to the following:

1.  Determination of requests for payment of claims entitled to priority under the Code, including compensation of parties entitled thereto;

2.  In the event an appeal is perfected from the order confirming the Plan, the Court shall also retain jurisdiction appropriate to protect the interests of the estate and to enter such orders as are necessary to protect the interests of creditors during the pendency of such appeal;

3.  Hear and determine any objection to a claim or interest when such objection is filed with the Court by the Debtors;

4.  Hear and determine all questions and disputes regarding title to the property of the Debtors or the Debtors' estate;

5.  Correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the order of confirmation as may be necessary to carry out the purpose and intent of the Plan;

6.  To liquidate damages in connection with any disputed claims;

7.  To adjudicate all claims of a security or ownership interest in any property of the estate or in any proceeds thereof;

8.  To allow and classify claims of any creditor, reexamine claims as provided under the Code, and to hear and determine any objection to a claim or interest when the Debtors file such objection with the Court;

9.  Issue any order necessary to implement the Plan or order of confirmation, including, without limitation, such declaratory and injunctive orders as are appropriate to protect the Debtors, the Debtor's estate, and the reorganized Debtors in their estate from actions of creditors, interest holders, or other parties in interest;

10. Hear and determine any dispute relating to the terms or implementation of the Plan or Order of Confirmation, or to the rights or obligations of any party in interest with respect thereto and correct any defect, cure any omission, or reconcile any consistency in the Plan or the order of confirmation as may be necessary to carry cut the purpose and intent of the Plan;

11. To hear and determine any modification of the Plan pursuant to §1127 of the

Bankruptcy Code;

12. To hear and determine any dispute, claim for relief application, adversary proceeding or contested matter pending commenced on or commenced after the confirmation date involving the collection or liquidation of assets of the Debtors, including, without limitation, any proceeding commenced for the purpose of voiding, recovering or preserving for the benefit of the estate any transfer of property, obligation incurred by the Debtors' lien or setoff, lender liability claims, and any other professional or broker charges or any related fees. Such retention of jurisdiction will continue over any action filed prior to the entry of a final decree closing this case; Hear and determine any matter related to the assumption, assignment, or rejection of an executory contract or unexpired lease of the Debtors; and

13. Entry of a final decree or order closing this Chapter 11 case. Nothing contained herein shall be construed as restricting the Debtors in the conduct of its business and operation unless the plan specifically provides to the contrary.

## ARTICLE IX
## DISCHARGE

Except as otherwise provided for in the Plan or in the Order of Confirmation, entry of the Order of Confirmation and completion of all payments and other responsibilities due under the Plan acts as a discharge at the completion of the Plan of all debts that have not already been determined discharged or not by prior bankruptcies, effective as of the effective date of the Plan, of (i) any and all claims arising or occurring prior to the effective date, and (ii) any and all claims of the kind specified in 502(g), 502(h), or 502(i) of the Code. Such discharge will be effective under {1141 of the Code whether or not a Proof of Claim is filed or deemed filed, such claim is allowed, or the holder of such claim has accepted the Plan. Confirmation of the Plan does not discharge the debt provided for in the Plan until the bankruptcy court grants a discharge on completion of all payments under the Plan. At any time after confirmation of the plan, and after notice and a hearing, the Bankruptcy Court may grant a discharge to the Debtors who have not completed payments under the plan in limited circumstances, upon notice to all interested parties and a hearing.

## ARTICLE X
## EFFECT OF CONFIRMATION

In addition to provisions stated elsewhere in this Plan that take effect upon confirmation, the following provisions shall also apply upon confirmation:

1. Upon confirmation of the Plan all property of the estate shall vest in the Debtor, and shall be held and owned by the Debtor, free and clear of all liens, claims and interests of all creditors of the Debtor, except to the extent provided for in the Plan.

)

2.    Upon confirmation of the Plan, any and all compromises contained within the terms of the Plan shall be deemed to be approved by the Court pursuant to F.R.B.P. Rule 9019.

3.    Pending performance and completion of the Plan and unless the Court has otherwise expressly ordered or this Plan otherwise expressly provides, all creditors, shall be stayed from proceeding against the Debtors, the Debtors' assets, or the assets of the estate.

4.    If Debtors default in their plan payments, upon notice to debtor and 20 days notice, if debtor does not remedy default, then the stay shall terminate and creditors shall have all available remedies at law.

## ARTICLE XI
## PREPAYMENT OF CLAIMS

The Debtors reserve the right to prepay any or all of the claims hereinabove set forth, without penalty. No notice of prepayment shall be required.

## ARTICLE Xll
## MISCELLANEOUS

1.    The headings in the Plan are for the convenience of reference only and neither constitute a portion of the Plan nor in any manner affect the construction or meaning of the provisions of the Plan.

2.    The authority of the Debtors to agree to modifications, supplements or amendments of or to any agreements or instruments referred to in the Plan or utilized in the Debtors' businesses shall be as provided in such agreement or instruments, and subject to applicable Idaho law.

3.    Except to the extent that the Code or other federal law is applicable, the rights, duties and obligations arising under this Plan shall be governed and construed and enforced in accordance with the laws of the State of Idaho.

4.    The rights, duties and obligations of any person named or referred to in this Plan shall be binding upon and shall inure to the benefit of the successors or assigns of such person. The terms, provisions and statements of fact depicted in the Disclosure Statement are hereby incorporated as if set forth in full herein by reference and constitute terms of this Plan.

5.    Whenever any payment or distribution to be made under this Plan shall be due on a day other than a business day, such payment or distribution shall instead be made, without interest, on the immediately following business day.

11 -    PLAN OF REORGANIZATION
        Oct 11, 2019

6.    Any notice, pleading, or document, required to be served by law or according to the provisions of this Plan, shall be in writing and shall be served in person or by Certified Mail upon the Debtor as follows:

Debtor:    Stephen & Melanie Anderson

Idaho Falls, ID 83401-5107

Attorney for Debtors:    Aaron J. Tolson
Tolson & Wayment
2677 E. 17th #300
Ammon, ID. 83406.

Or at such other address that Debtors may designate in writing in a Notice of Change of Address filed with the Court or served upon creditor(s).

DATED this 14th day of October, 2019

_____
Debtor, Stephen J. Anderson

_____
Melanie Anderson

_____
Aaron J. Tolson
Attorney for Debtor

12 -    PLAN OF REORGANIZATION
October 14, 2019